■ WILLIAM J. CONWAY et al., Respondents, v GORDON L. KERR et al., Constituting the Zoning Board of Appeals of the Town of Poughkeepsie, Respondents. LENRICH ASSOCIATES, INC., Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the Zoning Board of Appeals of the Town of Poughkeepsie, dated March 3, 1975 and made after a hearing, which held that the South Hills Mall site plan complies with the parking requirements of the town's zoning ordinances, the intervenor appeals (by permission) from an order of the Supreme Court, Dutchess County, dated September 10, 1975, which, *inter alia,* (1) annulled that part of the determination wherein the zoning board found that the planning board had been informed of appellant's agreement to dedicate a portion of land set aside for parking area to other uses and (2) ordered the planning board to hold further hearings. Order reversed, on the law, with costs payable by petitioners, determination of the zoning board confirmed, and petition dismissed on the merits. No fact questions were presented on this appeal. There was substantial evidence to support the zoning board's findings and its determination. In the ordinary case of an application for site plan approval in an area where possible future condemnation may render the plans in noncompliance with zoning requirements, it is a deprivation of property without due process to deny or defer the

approval on the possibility of future condemnation (see *Matter of St. Morris Assoc. v McMorran,* 35 AD2d 997). In the instant proceeding, however, appellant has granted the State an option, to be exercised in the event of a future condemnation, to purchase part of its property for highway widening. The option will permit the State to buy (condemn) the property for damages of $1. Such a sale would render appellant's site plan in noncompliance with parking footage requirements of the zoning ordinance. Under the net site method of computing the parking requirements applicable herein, appellant must have four square feet of land for each square foot of ground floor building space, with an additional, but smaller, ratio for nonground floor building space. The unbuilt area is designated by the ordinance for parking access, but, under the net site method, the town board has discretion as to how many actual parking spaces must be supplied. Thus, some areas entirely unsuitable for parking may be included in meeting the four-to-one ratio. In the instant case, the town board approved a site plan which, to meet the required area for parking, included a parcel which was fairly admitted and known by all concerned to be in the proposed right of way of a possible highway widening project, and thus subject to condemnation. Appellant granted the State an option, in the event of condemnation, to acquire the property at a nominal cost, apparently to save itself the cost of paving the area for parking, and thereby saving the State the cost of a condemnation proceeding and the expense of removing parking lot pavement. This was done with the foreknowledge and, indeed, the encouragement and approbation of the planning board, which had discretion to determine that the property need not actually be available for parking under the net site method of computation. The planning board did not abuse its discretion in determining that, under the circumstances, the property potentially to be condemned did not have to be developed for parking. It apparently was moved to reward the developer for its voluntary and co-operative agreement to surrender the land at a nominal cost by lessening the required available parking spaces prior to any condemnation. Such a plan to save taxpayers' money is not arbitrary or capricious. It is an exemplary exercise of discretion. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.